UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAKA RESEARCH INC., <br><br> **Plaintiff,** <br><br> v. <br><br> UILIKO Storefront, <br><br> **Defendant.** | Civil Action No: 22-cv-02957 <br><br> Honorable Judge Edgardo Ramos <br><br> Honorable Magistrate Judge Valerie Figueredo |

## [PROPOSED] PRELIMINARY INJUNCTION ORDER

**THIS MATTER** comes before the Court upon Plaintiff Daka Research Inc.'s ("Plaintiff" or "Daka") Motion for Entry of a Preliminary Injunction against Defendant, UILIKO Storefront ("UILIKO" or "Defendant"), filed herein on April 30, 2022; and

**THE COURT** having reviewed the papers in support of the Application; and the Court having found that Plaintiff meets the criteria for entry of preliminary injunctive relief; and

**THE COURT** having determined that it has personal jurisdiction over the Defendant because the Defendant directly targets its business activities toward consumers in the United States, including New York, by offering to sell and shipping infringing products to this Judicial District that infringe on one or more claims of Plaintiff's U.S. Patent No. 7,437,825 ("the '825 Patent"), U.S. Patent No. 7,574,808 ("the '808 Patent"), U.S. Patent No. 7,596,874 ("the '874 Patent") (together "Asserted Patents"); and

**THE COURT** having determined that the evidence submitted in support of the Application establishes that Plaintiff has a clear likelihood of success on the merits; balance of hardships overwhelmingly favors of Plaintiff; public interest analysis tips in favor of Plaintiff; and that Plaintiff has suffered and will continue to suffer from irreparable harm if the injunction is not granted including, including:

    a. Defendant's continued and unauthorized use of Asserted Patents irreparably harms Plaintiff through diminished goodwill, damages to Plaintiff's business reputations and future business, and loss of profits and market shares; and

    b. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law; and

    c. Any monetary judgement against Defendant is likely uncollectable, because Defendant is an individual or business that resides in China with no U.S. presence, and maintains off-shore bank accounts and regularly move funds from its U.S. based financial accounts to off-shore bank accounts; and

**NOW THEREFORE**, on this __18th__ day of May 2022, this Court Orders that:

**1.** Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant are hereby restrained and enjoined until further Order of this Court as follows:

    a. from manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products that infringing upon the '825 Patent, '808 Patent and '874 Patent;

    b. from secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any Infringing Products; (ii) any evidence relating to the infringing activities; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, Defendant, including, but not limited to, any assets held by or on behalf of Defendant;

    c. from effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2.  Defendant shall not transfer ownership of the interactive e-commerce stores, during the pendency of this action, or until further Order of the Court;

3.  Defendant shall preserve and continue to preserve copies of all computer files relating to the use of any of the interactive e-commerce stores and shall take all steps necessary to retrieve computer files relating to the use of the interactive e-commerce stores that may have been deleted before the entry of this Order;

4.  Within three (3) business days of receipt of this Order, Defendant and Amazon.com platform ("Amazon"), and their related companies and affiliates shall, to the extent not already done, (i) immediately identify all financial accounts and/or sub-accounts, associated with the Defendant's interactive e-commerce store, as well as any other accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s), and/or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for its benefit or to be transferred into its respective financial accounts, and any other financial accounts tied thereto;

5.  Within three (3) business days of receipt of this Order, Defendant and Amazon, and their related companies and affiliates, shall further, to the extent not already done, provide Plaintiff's counsel with all data that details (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained

by this Order shall be transferred or surrendered by any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, Amazon, and its related companies and affiliates for any purpose without the express authorization of this Court;

This Order shall remain in effect during the pendency of this action or until such further dates as set by the Court or stipulated to by the parties.

New York, New York

Dated: May __18__, 2022

_____
Honorable Edgardo Ramos
U.S. District Court Judge