UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DAKA RESEARCH INC.,** | Civil Action No: 22-cv-02957 |
| **Plaintiff,** | |
| | Honorable Judge Edgardo Ramos |
| v. | |
| **UILIKO Storefront,** | Honorable Magistrate Judge Debra C. Freeman |
| **Defendant.** | |

### [PROPOSED] DEFAULT JUDGMENT

THIS CASE having been commenced by Plaintiff Daka Research Inc. against the Defendant UILIKO Storefront (the "Defaulting Defendant") and Plaintiff having moved for entry of Default and Default Judgment against the Defaulting Defendant;

THE COURT having determined that it has personal jurisdiction over the Defendant because the Defendant directly targets its business activities toward consumers in the United States, including New York, by offering to sell and shipping infringing products to this Judicial District that infringe on one or more claims of Plaintiff's U.S. Patent No. 7,437,825 ("the '825 Patent"), U.S. Patent No. 7,574,808 ("the '808 Patent"), U.S. Patent No. 7,596,874 ("the '874 Patent") (together "Asserted Patents").

This Court having entered, upon a showing by Plaintiff, a preliminary injunction against Defaulting Defendant;

Plaintiff having properly completed service of process on Defaulting Defendant, the combination of providing notice via electronic publication or email, along with any notice that Defaulting Defendant received from domain name registrars and payment processors, being

notice reasonably calculated under all circumstances to apprise Defaulting Defendant of the pendency of the action and affording it the opportunity to answer and present its objections; and

Defaulting Defendant failed to answer the Complaint or appear in any way, and the time for answering the Complaint having expired.

IT IS HEREBY ORDERED that Plaintiff's Order to Show Cause Why Default Judgment and Permanent Injunction Should Not Be Entered is GRANTED in its entirety, that Defaulting Defendant is deemed in default and that this Default Judgment is entered against Defaulting Defendant.

Accordingly, this Court ORDERS that:

1. Defaulting Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

    a. from manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products that infringing upon the '825 Patent, '808 Patent and '874 Patent;

    b. from secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any Infringing Products; (ii) any evidence relating to the infringing activities; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, Defendant, including, but not limited to, any assets held by or on behalf of Defendant;

    c. from effecting assignments or transfers, forming new entities or associations or

        utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for the Defaulting Defendant, or in connection with Defaulting Defendant's Online Marketplace, including, without limitation, any online marketplace platform such as eBay Inc. ("eBay"), Amazon.com, Inc. ("Amazon") (collectively, the "Third Party Providers") shall within ten (10) business days after receipt of such notice disable and cease displaying any advertisements used by or associated with Defaulting Defendant in connection with the sale of infringing goods using the Asserted Patents.

3. Plaintiff is awarded profits from the Defaulting Defendant for infringing use of the Asserted Patent on products sold through at least the full amount of Defaulting Defendant's Online Marketplaces account.

4. Plaintiff may serve this Order on Third Party Providers, including PayPal, Inc.("PayPal"), and Amazon Pay, by e-mail delivery to the e-mail addresses Plaintiff used to serve the Final Default Judgment on the Third Party Providers.

5. Any Third Party Providers holding funds for Defaulting Defendant, including PayPal, and Amazon Pay, shall, within ten (10) business days of receipt of this Order, permanently restrain and enjoin any financial accounts connected to Defaulting Defendant's Seller Aliases or Online Marketplaces from transferring or disposing of any funds, up to the above identified damages award, or other of Defaulting Defendant's assets.

6. All monies, up to the above identified damages award, currently restrained in Defaulting Defendant's financial accounts, including monies held by Third Party Providers such as PayPal and Amazon Pay, are hereby released to Plaintiff as partial payment of the above-identified

damages, and Third Party Providers, including PayPal, and Amazon Pay, are ordered to release to Plaintiff the amounts from Defaulting Defendant's financial accounts within ten (10) business days of receipt of this Order.

7. Until Plaintiff has recovered full payment of monies owed to it by Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Third Party Providers, including PayPal, and Amazon Pay, in the event that any new financial accounts controlled or operated by Defaulting Defendant is identified. Upon receipt of this Order, Third Party Providers, including PayPal, and Amazon Pay, shall within ten (10) business days:

   a. locate all accounts and funds connected to Defaulting Defendant's Seller Aliases and Online Marketplaces, including, but not limited to, any financial accounts connected to the information listed in Schedule A, and any e-mail addresses provided for Defaulting Defendant by third parties;

   b. restrain and enjoin such accounts or funds from transferring or disposing o of any money or other of Defaulting Defendant's assets; and

   c. release all monies, up to the above identified damages award, restrained in Defaulting Defendant's financial accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

Dated: August 25, 2022

_____
Honorable Judge Edgardo Ramos